UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BARBARA HIGGINS,

    Plaintiff,

vs.                                                                                  Case No.  3:06-cv-1090-J-16MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.
_____/

# MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED**.

## I. PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") on January 21, 2004 alleging an inability to work since June 24, 2002 (Tr. 53-55, 231-33).  The Social Security Administration ("SSA") denied this application initially and on reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  The hearing was held on October 14, 2005 (Tr. 254-302).  The ALJ issued a decision on August 18, 2006 finding Plaintiff not disabled.  (Tr. 14-21).  The Appeals Council denied Plaintiff's

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 13).

1

request for review on November 9, 2006, thus making the ALJ's December 12, 2005 decision the final decision of the Commissioner. (Tr. 6-8). Plaintiff timely filed her Complaint in the U.S. District Court for review of the Commissioner's decision.

## II.     NATURE OF DISABILITY CLAIM

### A.     Basis of Claimed Disability

Plaintiff claims to be disabled since June 24, 2002, mainly due to back problems (Tr. 66), but additionally due to shoulder and knee pain. (Doc. 15, p. 1, 8-11).

### B.     Summary of Evidence Before the ALJ

Plaintiff was 54 years of age at the time the ALJ conducted the administrative hearing. (Tr. 14-21, 53). Plaintiff possesses a high school education and her past work primarily includes employment as a nursery school attendant. (Tr. 67-68, 70). Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

In June 2002, Plaintiff injured her back lifting a child at work. (Tr. 131). She was initially treated at Lakeshore Medical Center. (Tr. 117-35). At Plaintiff's preliminary examination, she was able to perform a straight leg raise to 75 degrees. She displayed no motor, sensory, or reflex loss. Her physician, Dr. Saba, indicated that she could return to limited work duty, with no lifting of more than 10 pounds, no bending or climbing, and no prolonged walking. (Tr 131-35). Plaintiff attended physical therapy, which reportedly helped some. (Tr. 125). As a result, in August 2002, her lifting limit was increased to 15 pounds. (Tr. 121).

Dr. Saba referred Plaintiff to Dr. Scharf, an orthopedic specialist, because of

continued complaints. (Tr. 118). On October 9, 2002, Dr. Scharf indicated that Plaintiff could return to work in the usual capacity. (Tr. 138). An MRI on June 14, 2003 revealed degenerative disc disease at L4-5 with a bulge, but no significant spinal or neural foraminal stenosis. (Tr. 141). On June 25, 2003, Dr. Scharf saw Plaintiff for the last time and again, noted Plaintiff was capable of returning to her usual work duty. (Tr. 136).

In October 2003, Dr. Hoffman saw Plaintiff and agreed with Dr. Scharf that Plaintiff could return to full duty work. (Tr. 161-63). He prescribed pain medication but told Plaintiff to use it sparingly. (Tr. 155). Additionally, he noted that Plaintiff could rise from a chair, and get on and off the examination table with no problem, but also noted that Plaintiff demonstrated pain behaviors. (Tr. 161-63). In December 2004, Dr. Tran conducted a consultative evaluation. (168-71). He noted tenderness and loss of motion in the lumbar spine, but no spasm or neurological loss. Id.

In late 2005, Plaintiff reported right shoulder and knee pain to her family physician, Dr. Walters. (Tr. 189-98). Dr. Walters reported few objective medical findings, but diagnosed bursitis of Plaintiff's right shoulder and gave her an injection. (Tr. 191). Emergency room notes from Jacksonville Hospital- NAS refer to a right shoulder x-ray that was normal except for some degenerative changes in a joint. (Tr. 201).

After the hearing decision, Plaintiff submitted records from Riverside Imaging Center, dated September 6, 2006 and October 7, 2007, to the Appeals Council. (Tr. 9-11). Plaintiff's September 6, 2006 right and left shoulder x-rays revealed a defect along the superior aspect of the humeral head, and her right and left knee x-rays suggested

chondromalacia patella with moderate patellofemoral degeneration and mild medial compartmental degeneration. (Tr. 250-53). Additionally, Plaintiff's October 7, 2006 right and left shoulder MRIs, revealed degenerative changes and right and left knee MRI results suggested moderate degenerative changes. (Tr. 245-49).

### C.      **Summary of the ALJ's Decision**

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(I), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b), 416.920(a)(2)(I). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c), 416.920(a)(2)(ii). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d), 416.920(a)(2)(iii). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e), 416.920(a)(2)(iv). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f), 416.920(a)(2)(v). Plaintiff bears the burden of persuasion through step four, while at

step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 24, 2002, the alleged onset date.  (Tr. 16).  The ALJ determined at step two that Plaintiff's "degenerative disc disease of the lumbar spine" was a severe impairment based on the requirements in 20 C.F.R. § § 404.1520(c) and 416.920(c).  (Tr. 16-19).  At step three, however, the ALJ determined Plaintiff's impairments did not meet or medically equal, either singularly or in combination, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.  (Tr. 19).

The ALJ further determined Plaintiff had the residual functional capacity ("RFC") to perform a range of light work[2] on a sustained basis.  (Tr. 19-20).  Specifically, the ALJ found Plaintiff was able to:

> [S]it up to 6 hours in an 8-hour work day, stand or walk up to 6 hours in an 8-hour workday and lift up to 20 pounds occasionally and 10 or less pounds more frequently.
>
> (Tr. 19).

In reaching this conclusion, the ALJ rejected Plaintiff's allegation that she was incapable of any work due to her impairments because she was not credible in light of the medical history, the reports of treating and examining practitioners, the degree of care required to treat her medical condition, and Plaintiff's activities of daily living, as

---

[2] Light work requires lifting of up to 20 pounds, with more frequent lifting of 10 pounds.  A significant amount of standing or walking may be required to perform light work.  20 C.F.R. §§ 404.1567(b), 416.967(b) (2007).

5

testified to at the hearing. (Tr. 19).

At the hearing, the ALJ utilized the testimony of a vocational expert ("VE"). The ALJ asked the VE to review Plaintiff's past relevant work. (Tr. 20). The VE testified that Plaintiff's past work as a nursery school attendant as usually performed in the economy is light work, requiring lifting of 20 pounds or less. (Tr. 295-98). Accordingly, the ALJ found Plaintiff able to perform her past relevant type of work. (Tr. 14-21). Pursuant to this analysis, the ALJ determined that Plaintiff was not under a "disability," as defined in the Social Security Act. (Tr. 21).

### III.   ANALYSIS

#### A.   **The Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as

finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B.  Issues on Appeal

Plaintiff argues two issues on appeal: first, that the ALJ erred by failing to recognize Plaintiff's knee and shoulder pain as severe; and second, that the ALJ erred by improperly considering Plaintiff's pain when arriving at her RFC. (Doc. 15, p. 8-11).

Although not argued by Plaintiff, Commissioner alerted this Court to the fact that, after the hearing, Plaintiff submitted evidence of shoulder and knee x-rays and MRIs to the Appeals Council. (Doc. 15, p. 5-6). The Appeals Council considered this new evidence and found that it did not provide a basis for changing the ALJ's decision. (Tr. 6-8). As such, the Court will also consider whether the new evidence requires that this case be remanded.

#### 1.  Whether Plaintiff's knee and shoulder impairments should have been classified as severe

Plaintiff argues that her shoulder and knee pain should be classified as severe, in addition to her degenerative disc disease of the lumbar spine. (Doc. 15. p. 8-11). An impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to

7

work, irrespective of age, education, or work experience.  Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984); see also Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (a non-severe impairment is "merely a slight abnormality which has a minimal effect on the general ability to work); Bridges v. Bowen, 815 F.2d 622m 624 (11th Cir. 1987) (affirming the ALJ's finding that the claimant's impairments are not severe, as they are "mild impairments which are amenable to medical treatment").

Although Plaintiff asserts that she suffers severe shoulder and knee problems, the record before the ALJ does not reveal such problems.  As the Commissioner correctly points out, Plaintiff's treatment notes provide only limited references to knee or shoulder problems.[3]  Plaintiff first reported right shoulder and knee pain to her family physician, Dr. Walters, in late 2005.  (Tr. 189-98).  Dr. Walters noted crepitus in Plaintiff's knees, but did not report further findings such as swelling, loss of motion, or instability.  (Tr. 189-98).  Dr. Walters diagnosed bursitis of Plaintiff's right shoulder and gave her an injection.  (Tr. 191).  Additionally, a right shoulder x-ray was normal except for some degenerative changes.  (Tr. 201).

Given the lack of medical evidence of functional limitations due to these conditions, this Court finds that the ALJ properly considered the evidence before him concerning Plaintiff's shoulder and knee impairments and concluded that these impairments were not severe.  (Tr. 14-21).

---

[3] While being treated for back pain, Plaintiff occasionally mentioned numbness and tingling in her arms, legs, hands, and feet.  (Tr. 136-43, 154-63).

**2.     Whether the ALJ properly considered Plaintiff's pain when arriving at her RFC**

Plaintiff asserts the ALJ improperly determined Plaintiff's RFC when he discounted her allegations of pain. (Doc. 15, p. 8-11). The Commissioner responds that the ALJ properly considered Plaintiff's subjective complaints of pain and evaluated them under the appropriate standard, but showed Plaintiff's credibility was undermined due to her daily activities and the objective medical evidence. (Doc. 16, p. 7-11). Upon review of the record, the Court finds the ALJ appropriately considered Plaintiff's pain testimony and his decision was supported by substantial evidence.

The ALJ must consider all of a claimant's statements about her symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 416.929(a). Pain is a non-exertional impairment. Foote, 67 F.3d at 1559. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the Eleventh Circuit's three-part "pain standard":

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, 67 F.3d at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). A plaintiff's subjective testimony supported by medical evidence that satisfies the pain standard is sufficient for a finding of disability. Foote, 67 F.3d at 1561. Pain alone can

be disabling, even when its existence is unsupported by objective evidence, Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992), although an individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). Plaintiff may establish her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain. Foote, 67 F.3d at 1561.

Although the ALJ failed to refer to the pain standard, the Court finds the ALJ properly applied the standard. See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002) (stating that even if "the ALJ does not cite or refer to the language of the three-part test," the pain standard is properly addressed when the ALJ's "findings and discussions indicate that the standard was applied"). By concluding Plaintiff's degenerative disc disease was severe and by referring to Plaintiff's back pain (Tr. 19), the ALJ established prong one of the pain standard, namely, evidence of an underlying medical condition.

"Once a claimant establishes through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce pain, sections 404.1529 and 416.929 provide that the Commissioner must consider evidence about the intensity, persistence, and functionally limiting effects of pain in deciding the issue of disability." French v. Massanari, 152 F. Supp. 2d 1329, 1336 (M.D. Fla. 2001) (citing Foote, 67 F.3d at 1561); see also SSR 96-7P (stating that after the ALJ finds a medically-determinable impairment exists, the ALJ must analyze "the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities").

Here, the ALJ opined Plaintiff's "medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, but that [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 19). Thus, the ALJ acknowledged Plaintiff's symptoms and limitations, but concluded the objective medical evidence and daily activities do not confirm the severity of her alleged pain or the severity of her medical condition, thereby showing Plaintiff failed to meet prongs two and three of the pain standard.

When Plaintiff's "statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence," the ALJ "must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." SSR 96-7P; Lamb v. Bowen, 847 F.2d 698, 702 (11th Cir. 1988) (stating that in determining whether the pain standard is met, the credibility of the Plaintiff's testimony must be considered). Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Jones v. Dep't of Health & Human Servs., 941 F.2d 1529, 1532 (11th Cir. 1991) (stating articulated reasons must be based on substantial evidence); see also Moore v. Barnhart, 405 F.3d 1208, 1212 n.4 (11th Cir. 2005) (holding that precedent in the Eleventh Circuit requires "explicit articulation of the reasons justifying a decision to discredit a claimant's subjective pain testimony").

In the instant case, the ALJ found "[Plaintiff's] statements concerning her impairments and their impact on her ability to work are simply not credible in light of the medical history, the reports of treating and examining practitioners, the degree of care

11

required to treat her medical conditions and the [Plaintiff's] activities of daily living, as testified to at the hearing." (Tr. 19). The ALJ articulated specific reasons for discrediting Plaintiff's testimony, namely, its inconsistency with the objective medical findings, Plaintiff's limited use of pain medication, and Plaintiff's daily activities. Id.

The Court finds the ALJ's conclusion is supported by substantial evidence in the record. First, the ALJ correctly pointed out that Plaintiff's complaints are inconsistent with her treatment records. Plaintiff injured her back lifting a child in June 2002. (Tr. 131). Her preliminary examination revealed good range of motion in the lumbar spine. (Tr. 131-35). Plaintiff was able to perform a straight leg raise to 75 degrees. She displayed no motor, sensory, or reflex loss. She was instructed that she could return to limited duty work, with no lifting of more than 10 pounds. (Tr. 131-35). She attended physical therapy, which reportedly helped some. (Tr. 125). In August 2002, her lifting limit was increased to 15 pounds. (Tr. 121).

Moreover, in October 2002, Dr. Scharf, an orthopedic specialist, indicated that Plaintiff could return to work in the usual capacity. (Tr. 138). Then, in June 2003, Dr. Scharf saw Plaintiff for the last time and again, noted she was capable of returning to full duty work. (Tr. 136). Additionally, in October 2003, Dr. Hoffman saw Plaintiff and agreed with Dr. Scharf that Plaintiff could return to full duty work. (Tr. 161-63). Similarly, a consultative evaluation by Dr. Tran in December 2004, did not reveal findings of a back condition that would produce disabling pain. (Tr. 168-71).

Next, Plaintiff's limited use of pain medication is inconsistent with her assertions of disabling pain and were properly considered by the ALJ. See 20 C.F.R. § 404.1529(c)(3)(I); 416.929; Dryer v. Barnhart, 395 F.3d 1206, 1212 (11th Cir. 2005);

12

Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987).

Finally, the ALJ considered Plaintiff's daily activities as inconsistent with her claimed limitations. The record shows Plaintiff was able to perform activities including fixing meals, doing household chores, doing laundry, driving, and shopping. (Tr. 84-85). She also reported doing home exercises, walking with no problems (Tr. 87), and reading and listening to music. (Tr. 103-05). It was Plaintiff's burden to clarify these inconsistencies. See Doughty v. Apfel, 245 F.3d 1274, 1276, 1278 (11th Cir. 2001) (holding the burden is on the claimant to show disability); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (explaining the claimant bears the burden of persuasion through step four). Plaintiff failed to meet her burden to show that her pain was disabling and the ALJ properly considered her daily activities, together with other evidence in the record.

### 3.   **Remand for New Evidence**

After the hearing decision, Plaintiff submitted evidence of shoulder and knee x-rays and MRIs to the Appeals Council. (Tr. 245-53). This Court must now consider whether this case must be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for consideration of newly discovered evidence.

A determination of whether remand for consideration of new evidence is appropriate is a *de novo* proceeding. Cherry v. Heckler, 760 F.2d 1186, 1194 (11th Cir. 1985); Smith v. Bowen, 792 F.2d 1247, 1550 (11th Cir. 1986); Caulder v. Bowen, 791 F.2d 872, 875 (11th Cir. 1986). Sentence six of 42 U.S.C. § 405(g) provides, in pertinent part, that "the court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such

evidence into the record in a prior proceedings ...." 42 U.S.C. § 404(g).

The Eleventh Circuit has determined that before remand is warranted based on newly submitted evidence, the claimant must establish that (1) there is new, noncumulative evidence, (2) the evidence is material (i.e. relevant and probative so that there is a reasonable possibility that it would change the administrative result), and (3) there is good cause for the failure to submit the evidence at the administrative level. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998) (citing Cannon v. Bowen, 858 F.2d 1541 (11th Cir. 1988)).

As to the first factor, the evidence is "new and non-cumulative" if it sheds new light on ill-developed issues or raises issues not previously addressed in the record. Porter v. Shalala, 1994 WL 68692020 *2 (N.D. Ala. 1994); Blake v. Massanari, 2001 WL 530697 *8 (S.D. Ala. 2001) (both cases citing Milano v. Bowen, 809 F.2d 763 (11th Cir. 1987)). The non-cumulative requirement is satisfied by the production of new evidence that was not contained in the administrative record. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988). In the instant case the shoulder and knee x-rays and MRIs were not in the record. Therefore, the evidence is new and non-cumulative.

As to the second prong, the undersigned finds Plaintiff has not shown the new evidence is material. "To be material, the evidence must be relevant and probative so that there is a reasonable possibility that it would change the administrative outcome." Caulder, 791 F.2d at 877. While the evidence is certainly relevant in that it relates to Plaintiff's impairments, Plaintiff has failed to demonstrate that this new evidence could change the administrative outcome. The evidence consists of x-rays and MRIs showing degenerative changes in Plaintiff's shoulders and knees; however, the imagining studies

alone do not translate into specific medical findings or functional limitations.  Thus, there is no evidence showing there is a real possibility that these degenerative changes are significant or would affect Plaintiff's ability to work.  Accordingly, the evidence is not material.

In sum, the undersigned finds the new evidence is not the type that requires a sentence six remand in this case, i.e.– there is not a reasonable possibility that the shoulder and knee x-rays and MRIs would change the administrative outcome.  Accordingly, the Commissioner's decision denying Plaintiff benefits is due to be affirmed.

## IV.   CONCLUSION

For the foregoing reasons, the Commissioner's decision is hereby **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this  25th   day of March, 2008.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

15